UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMY ARMOGIDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01986-JPH-DLP |
| | ) | |
| JOBS WITH JUSTICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Amy Armogida brought this case in Marion County Superior Court against Jobs with Justice, Inc., (JWJ), and Central Indiana Jobs with Justice, Inc. (CIJWJ). She alleges that JWJ and CIJWJ were her joint employers and that they failed to make wage, health insurance, and tax withholding payments in violation of the terms of her employment. Dkt. 33 at 2 ¶9-12.[1] JWJ removed the case to this Court on the basis of federal question jurisdiction. Dkt. 1 at 2 ¶6. JWJ then filed a motion to dismiss under 12(b)(1) and 12(b)(6). Dkt. [36].

Ms. Armogida's complaint presents four causes of action against JWJ: (I) that it is liable for unpaid wages under the Indiana Wage Claim statute, IC § 22-2-9-1 et seq.; (II) that JWJ breached the terms of her "employment contract" ("Exhibit A") and a grant agreement of which she was the intended beneficiary ("Exhibit B"); (III) that JWJ is liable under a theory of promissory estoppel for promises regarding the money owed to her; and (IV) that JWJ is liable for

---

[1] Ms. Armogida reached a settlement with CIJWJ in January of 2021. Dkt. 49.

conversion, under IC § 35-43-4-3, of the funds that were owed and never paid. Dkt. 33 at 3-5.

In its motion to dismiss, JWJ argues that Ms. Armogida has not alleged facts to establish that it acted as a joint employer with CIJWJ so it cannot be liable for claims I, II and IV, which require an employer-employee relationship. Dkt. 36 at 1. JWJ also argues that those claims are preempted by Section 301 of the LMRA. *Id.* Finally, JWJ argues that the promissory estoppel claim (III) must be dismissed because Ms. Armogida has not alleged facts suggesting that JWJ made any enforceable promise to Ms. Armogida. *Id.* at 2.[2]

## I.    Section 301

Section 301 of the Labor Management Relations Act creates federal question jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). In effect, Section 301 preempts and "displaces entirely any state cause of action for violation of a collective bargaining agreement." *Boogaard v. National Hockey League*, 891 F.3d 289, 294 (7th Cir. 2018) (quotations and citations omitted). Section 301 only preempts state-law claims if they are "founded directly on rights created by collective-bargaining agreements," or are "substantially dependent on analysis of a collective-bargaining agreement." *Id. See In Re Bentz Metal Products Co., Inc.*, 253 F.3d

---

[2] While JWJ's motion to dismiss purports to challenge Ms. Armogida's standing to sue under 12(b)(1), this argument is not addressed in the parties' briefing.

283, 285 (7th Cir. 2001) ("a state law claim is not preempted if it does not require interpretation of the CBA even if it may require reference to the CBA.").

JWJ alleges that Section 301 preempts claims I, II, and IV because they are "inextricably intertwined with the interpretation" of a collective bargaining agreement (CBA) between CIJWJ and Communications Workers of America Local 4900. Dkt. 36 at 20; citing *Douglas v. Am. Info. Techs. Corp.*, 877 F.2d 565, 570 & n.6 (7th Cir. 1989).

Ms. Armogida alleges that "Exhibit A", attached to the complaint, reflects the "Parties' Employment Contract", dkt. 33 at 11, and that its contents "may or may not have been incorporated into the CBA itself." Dkt. 45 at 10-11. Exhibit A outlines a "Tentative Agreement" between CIJWJ and CWA Local 4900 relating to Ms. Armogida's employment. Dkt. 33-1. And while Exhibit A purports to amend an existing CBA, it is not signed or otherwise authenticated. Dkt. 33-1. The record is thus insufficient for the Court to find that Exhibit A is a CBA. *See id.* JWJ thus has neither shown which claims are "substantially dependent" on the terms of the CBA nor which can be resolved by merely "referencing[ing]" it. *Boogaard*, 891 F.3d at 294 (quotations omitted); *In Re Bentz*, 253 F.3d at 285.

## II. Employer Status

JWJ also contends that the complaint must be dismissed because JWJ was not a "joint employer" with CIJWJ. *See* dkts. 36 at 11-18; 45 at 4-7; 46 at 8-10; *Harris v. Allen County Bd. Of Commissioners*, 890 F.3d 680 (7th Cir. 2018). The parties' briefs rely only on cases that interpret "joint employer"

3

under federal law.  There is no discussion of how Indiana law would categorize JWJ and CIJWJ's relationship, which the Court needs to know if some of the state law claims are not preempted by Section 301.  Further, the parties only discuss joint employer relationships in the context of federal statutes other than the LMRA.  *See* dkt. 36 at 11-12 (analyzing JWJ's relative "control" over CIJWJ by citing ADA, Title VII, and FLSA cases).

The context is important here because cases interpreting joint employer status under the LMRA typically use a "single employer" standard assessed with different factors.  *See e.g. Naperville Ready Mix, Inc. v. N.L.R.B.*, 242 F.3d 744, 752 (7th Cir. 2001) (analyzing the application of the "standard four factor test to determine whether the companies were sufficiently integrated to constitute a single employer: (1) common management; (2) centralized control of labor relations; (3) interrelation of operations; and (4) common ownership or financial control.") (citing *Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256 (1965)); *see also Heuberger v. Smith*, 2017 WL 3923271 at *13 (S.D.Ind. Sep. 7, 2017) (noting that cases interpreting the LMRA apply the "single employer" theory of liability).

Considering the issues identified above, the Court cannot meaningfully evaluate the merits of JWJ's motion to dismiss.  Therefore, the motion is **DENIED without prejudice**.  Dkt. [35].

If JWJ decides to file a new motion to dismiss, the briefing must address:

> (a) Which specific claims are preempted by Section 301 of the LMRA and why;

4

      (b) Which test under federal law applies to determine "joint" or "single" employer status; and

      (c) If certain claims are not preempted, how to assess "joint" or "single" employer status under Indiana law.

**SO ORDERED.**

Date: 10/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Christopher Lawrence Cassidy
CLEVELAND LEHNER CASSIDY
chris@clcattorneys.com

Eric J. Hartz
CLEVELAND LEHNER CASSIDY
eric@clcattorneys.com

Robert Adam Hicks
MACEY SWANSON LLP
rhicks@maceylaw.com

Meghan Uzzi Lehner
CLEVELAND LEHNER CASSIDY
meghan@clcattorneys.com

David T. Vlink
VLINK LAW FIRM LLC
dvlink@fdgtlaborlaw.com